IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01601–KMT

LOREN SHERWOOD,

    Plaintiff,

v.

RICK RAEMISCH, EXECUTIVE DIRECTOR, CDOC,
JOHN CHAMPDELAINE, ASSOCIATE WARDEN, STERLING
EVA LITTLE, INTEL LT., STERLING CORRECTION FACILITY,
PAMELA PLOUGHE, WARDEN, TERRITORIAL CORRECTIONAL FACILITY, and
LEONARD VIGIL, CASE MANAGER, TERRITORIAL CORRECTION FACILITY,

    Defendants.

___

# ORDER
___

This matter comes before the court on Defendants' "Motion to Dismiss Plaintiff's Complaint" (Doc. No. 16 [Mot.], filed September 26, 2014.) Plaintiff did not file a response. This motion is ripe for ruling.

## STATEMENT OF THE CASE

The following allegations are taken from Plaintiff's Third Amended Complaint (Doc. No. 16 [Compl.], filed June 16, 2014). Plaintiff is a prisoner in the custody of the Colorado Department of Corrections ("CDOC") housed at the Sterling Correctional Facility ("SCF"). (*Id.* at 2.) Plaintiff alleges from January 2011 to May 2014 he was assaulted by inmates and was not protected by CDOC staff. (*Id.* at 4.) Specifically, Plaintiff states he was a member of the Security Threat Group ("STG") Norteños, but he severed his ties with the group. (*Id.*) Plaintiff

alleges due to his past affiliation with the Norteños, he was assaulted numerous times by the Norteños and other rival gangs.  (*Id.*)  He alleges he asked the defendants for protection but was denied.  (*Id.*)  Plaintiff seeks money damages and punitive damages.  (*Id.* at 9.)

Defendants move to dismiss Plaintiff's Complaint on the bases that (1) Plaintiff's claims for monetary damages against the defendants in their official capacities are barred; (2) Plaintiff's claims are barred by the statute of limitations; (3) Plaintiff fails to allege personal participation by the defendants.  (*See* Mot.)

## LEGAL STANDARDS

### 1.     Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*,

927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2.     *Failure to State a Claim Upon Which Relief Can be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679-81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

## ANALYSIS

Defendants argue that Plaintiff's claims against them should be dismissed as barred by the statute of limitations. The applicable statute of limitations on claims under 42 U.S.C. § 1983 is determined by state law, and Colorado's residual two-year limitations period applies to this case. *Blake v. Dickason*, 997 F.2d 749, 751 (10th Cir.1993); Colo. Rev. Stat. § 13-80-102(i). The question of when a cause of action accrues and when the limitations period accordingly begins to run is governed by federal law, which provides that "[a] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) (quotations omitted). Thus, a § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* (quotations omitted).

Plaintiff alleges from January 2011 to May 2014 he was assaulted by inmates and was not protected by CDOC staff. (Compl. at 4.) To the extent Plaintiff seeks redress for violations of his constitutional rights from December 8, 2011 to May 2014, his Complaint is devoid of any specific facts to support such a claim, and thus the claim is dismissed. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ").

Plaintiff's claims appear to be premised solely on the defendants' alleged violations of his constitutional rights in November and December 2011. (*See* Compl.) Plaintiff has attached three CDOC grievance forms in support of his Complaint. Plaintiff filed the first grievance on November 6, 2011, wherein he complains of a riot that occurred in October 2011 that he stated was "a direct result of a chain of bad decisions" by the CDOC staff. (*Id.* at 10.) Plaintiff filed the second grievance on December 1, 2011, wherein he complains about CDOC overlooking his individual safety. (*Id.* at 11.) Plaintiff filed the third grievance on December 7, 2011, wherein he again complains about the CDOC's failure to regard his individual safety. (*Id.* at 12.)

Defendants argue that the limitations period relating to Plaintiff's claims began to accrue in January 2011, when Plaintiff first had reason to know about the actions he believes gave rise to the claims he now asserts. (*See* Mot. at 6 [citing Compl. at 4].) However, the court finds that Plaintiff's claims accrued, at the latest, on December 7, 2011, when he filed his last grievance regarding the CDOC's lack of regard for his individual safety. Thus, Plaintiff was required to file his Complaint on or before December 7, 2013. Plaintiff filed his Complaint in this case on June 6, 2014—at least six months after the statute of limitations expired. Therefore, Plaintiff's claims are barred by the statute of limitations, and Defendants' motion to dismiss is granted.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that Defendants' "Motion to Dismiss Plaintiff's Complaint" (Doc. No. 16) is **GRANTED**.  This case is dismissed in its entirety for Plaintiff's failure to state a claim upon which relief can be granted.  It is further

**ORDERED** that  judgment shall enter in favor of the defendants and against the plaintiff on all claims for relief and causes of action asserted in this case.

Dated this 5th day of December, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge